UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KENNETH MOODY, | ) | |
| Petitioner, | ) | CASE NO. C04-1805C |
| | ) | (CR00-79C) |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

## INTRODUCTION

Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government has filed a response, raising the statute of limitations as a bar to the court's consideration of petitioner's motion. Because the government is correct in its argument, petitioner's motion should be dismissed as untimely pursuant to 28 U.S.C. § 2255(3).

## PROCEDURAL HISTORY

Petitioner pled guilty to bank robbery and was sentenced on July 14, 2000 to 92 months of imprisonment. Petitioner appealed to the Ninth Circuit and that court affirmed his conviction on June 21, 2001. *See United States v. Kenneth Moody*, 12 Fed. Appx. 563 (Memorandum Disposition, 9th Cir. 2001). Petitioner filed the instant motion under § 2255 on August 13, 2004. (Doc. #1). After receiving a single extension of time, respondent filed its response on January 28, 2005 (Doc. #11); petitioner has not filed a reply.

REPORT AND RECOMMENDATION
PAGE 1

DISCUSSION

In his § 2255 motion, petitioner raises a single claim for relief. He argues that his Sixth Amendment rights were violated when the court used factors to enhance his sentence which had not been found by a jury. (Doc. #1). For support, petitioner relies upon the Supreme Court decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).[1]

In its response, the government argues first that petitioner's motion is untimely and therefore barred from review. In addition, the government argues that even if timely, petitioner's claim is procedurally defaulted and therefore is not susceptible to review via a § 2255 motion. For the reasons set forth below, the court finds that the government's position on the timeliness question is correct, and the court therefore does not address the government's alternative arguments.

Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This one-year statute of limitations begins to run from the latest of –

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  *the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

---

[1] Although petitioner relies upon *Blakely*, that case applied only to the Washington state sentencing scheme, not the federal sentencing guidelines under which petitioner was sentenced. After petitioner filed the instant motion, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), which applied *Blakely's* principle – that sentencing enhancements must be based upon either an admission by the defendant or a finding by a jury – to federal sentences.

REPORT AND RECOMMENDATION
PAGE 2

Petitioner does not dispute that he filed the instant § 2255 motion more than one year after his conviction became final. Rather, he relies upon subsection 3 of this statute, which is effectively an exception to the general one-year limit set forth in subsection 1. This exception essentially has two conditions that must be satisfied before it applies. First, petitioner must show that he filed the § 2255 motion within one year from the date that the Supreme Court announced any "newly recognized" rights that are the basis of the motion. Second, petitioner must show that the Supreme Court made these rights "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3).

It is undisputed that the Supreme Court decided *Blakely* and *Booker* less than one year from the date that petitioner filed the instant § 2255 motion. However, the Supreme Court has been silent as to whether *Blakely* or *Booker* apply retroactively. The Ninth Circuit – and all other circuit courts that have considered the question – has held that neither *Blakely* nor *Booker* apply retroactively to cases on collateral review. *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005); *United States v. Cruz*, __F.3d__, Case No. 03-35873 (9th Cir. September 16, 2005). Thus, petitioner fails to satisfy the second prong of the exception and his § 2255 motion is therefore untimely.

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, is barred by the applicable statute of limitations and should be dismissed. A proposed Order is attached.

DATED this 11th day of October, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE 3